■ GEORGE P. BAKER et al., as Trustees for Penn Central Transportation Company, Appellants, v EDWARD ROSENTHAL, Doing Business as REGAL FURNITURE STORES, et al., Respondents.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Plaintiffs, trustees of the bankrupt Penn Central Transportation Company, appeal from a Special Term order denying their motion for summary judgment on their complaint and for dismissal of the affirmative defense and counterclaim in the answer, and removing the case to Utica City Court for trial. The action is to recover $248.05, representing freight charges for freight services performed by the railroad for defendant. Defendants counterclaimed, alleging that the railroad freight bill was originally in the sum of $412.31, but the railroad had damaged defendants' goods in transit, and upon notice thereof and of claim for such damage, the railroad's agents gave defendants a credit on the freight bill in the sum of $248.05, leaving a balance due on the freight bill of $164.26, which sum defendants

have paid. Upon those pleadings plaintiffs moved for summary judgment, asserting that under the Interstate Commerce Act (US Code, tit 49, § 3, subd [1]; § 6, subd [7]) a shipper's claim for damages for goods in transit is not a defense to the carrier's claim for freight charges; and for the same reason plaintiffs also moved for dismissal of the affirmative defense of accord and satisfaction of the claim for damages. Special Term erred in denying plaintiffs' motion for summary judgment for the freight charges, since no issue was raised as to the amount thereof and the law does not permit a setoff against such charges upon private agreement of the parties (Matter of Penn Cent. Transp. Co., 477 F2d 841, 844–845; Baker v Southeastern Michigan Shippers Co-op Assn., 376 F Supp 149). It was proper, however, for Special Term to deny the motion to dismiss the counterclaim for the alleged damage to defendants' goods in transit, for the court may retain jurisdiction to determine that issue, and, if defendants recover judgment against plaintiffs on the counterclaim, the judgment may be presented in the appropriate court as a claim against plaintiffs as trustees. Defendants are granted permission to amend their affirmative defense of accord and satisfaction to a counterclaim for the amount of the alleged agreed freight damage, if so advised. We find no error in Special Term's order transferring the case to the Utica City Court. The order is, therefore, modified to grant plaintiffs' motion for summary judgment on their complaint and sever the counterclaim, and, as modified, the order is affirmed. (Appeal from order of Oneida Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.